Jeffrey I. Carton (JC-8296)
Robert J. Berg (RB-8542)
DENLEA & CARTON LLP
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARTINE VIOLET CARROLL, on behalf of :
herself and all others similarly situated, : Civil Action No. 1:16-cv-2683
 :
               Plaintiff, :
 :
        -against- : CLASS ACTION COMPLAINT
 : AND JURY DEMAND
THE REPUBLIC OF FRANCE, THE FRENCH :
MINISTRY OF FOREIGN AFFAIRS, and :
THE AGENCE POUR L'ENSEIGNEMENT :
FRANCAIS A L'ETRANGER, :
 :
              Defendants. :
----------------------------------------------------------------x

      Plaintiff Martine Violet Carroll, by and through her attorneys, Denlea & Carton LLP, on behalf of herself and all others similarly situated, brings this action based upon her own personal knowledge as to herself and her own acts, and upon information and belief and the investigation of her counsel as to all other matters, and alleges as follows:

## NATURE OF ACTION

      1.      This is a breach of contract action against the Republic of France, one of its Ministries, and one of its Agencies arising from their purely commercial activities in the United States. In the Spring of 2012, Defendants entered into contracts with Plaintiff and the other Class members – all of whom were French nationals residing in the United States at all relevant times -- to pay or "subsidize" the tuition costs they incurred at certain private

French-language high schools throughout the United States which the French Government certified as compliant with the French curriculum.  The contracts were issued as part of a French Government program known as the Prise en Charge des Frais de Scolarité ("PEC"). The PEC grants consisted of government payments for tuition costs incurred by high school children of French nationals living abroad who attended qualifying French-language high schools (hereinafter "PEC tuition grants")

2. Pursuant to the PEC, Defendants notified Plaintiff and the Class members in writing in the Spring of 2012 that they had been awarded PEC tuition grants to pay for tuition for their children to attend the qualifying French-language high schools for the 2012/2013 academic year.

3. In reliance upon Defendants' written notification that they had been awarded the PEC tuition grants, Plaintiff and the Class members entered into written contracts with the qualifying French-language high schools in the United States to enroll their children for the 2012-2013 academic year.

4. In July 2012, just weeks before the start of the 2012/2013 academic year, Defendants suddenly and unexpectedly cancelled the PEC program, and reneged on their contractual commitments with Plaintiff and the Class members to pay the previously promised PEC tuition grants for the 2012/2013 academic year.

5. As a direct result of Defendants' breaches of contract, Plaintiff and the Class members were forced to bear unexpected and substantial tuition costs at the French-language high schools where they had already enrolled their children for the 2012/2013 academic year.

## THE PARTIES

6. Plaintiff Martine Violet Carroll is a citizen of the Republic of France. She resides in Union County, New Jersey, with her husband, Roger, and her daughter, Belle. Plaintiff Carroll and her husband live in a bilingual household, and they were committed to providing Belle with a bilingual education at a French government-approved school in the New York area. Belle enrolled in the French-American School of New York, located in Mamaroneck, New York, beginning in September 2010, and she graduated from its high school in June 2015.

7. Defendant Republic of France is a foreign state as defined in 28 U.S.C. §1602. The Republic of France maintains a consulate, the Consulate General of France, located at 934 Fifth Avenue, New York, New York 10021.

8. Defendant French Ministry of Foreign Affairs is an official ministry of the Republic of France. The Ministry of Foreign Affairs operates a sub-ministry of French Citizens Living Abroad.

9. Defendant L'Agence pour L'Enseignement Francais a L'Etranger ("AEFE"), known in English as the Agency for French Education Abroad, is a French government institution supervised by the French Ministry of Foreign Affairs. Founded in 1990, the AEFE is responsible for monitoring and managing the network of French schools abroad. The AEFE is the guarantor of the French education system abroad. The AEFE plays a key role in expanding France's cultural and linguistic influence throughout the world, and serves to boost the appeal of French higher education.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1330, 1332(a)(2), and the Foreign Sovereign Immunities Act, 28 U.S.C. §1602.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

11.     Defendant The Republic of France, although a sovereign foreign state, does not enjoy immunity from the jurisdiction of this Court pursuant to the commercial activity exception contained in the Foreign Sovereign Immunities Act, 28 U.S.C. §1602, *et seq.*, because the action is based upon the commercial activities engaged in by The Republic of France in the United States.

12.     Defendant French Ministry of Foreign Affairs, although an official ministry of the Republic of France, does not enjoy immunity from the jurisdiction of this Court pursuant to the commercial activity exception contained in the Foreign Sovereign Immunities Act, 28 U.S.C. §1602, *et seq.*, because the action is based upon the commercial activities engaged in by The Republic of France in the United States.

13.     Defendant AEFE, although an instrumentality of the Republic of France, does not enjoy immunity from the jurisdiction of this Court pursuant to the commercial activity exception contained in the Foreign Sovereign Immunities Act, 28 U.S.C. §1602, *et seq.*, because the action is based upon the commercial activities engaged in by The Republic of France in the United States.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(f)(1) and (3).

## FACTUAL ALLEGATIONS

15.     French-American Schools (k-12) are part of a worldwide network (the AEFE

network) of over 450 international schools with French curriculum in nearly 140 countries. In the United States, there are more than 40 French curriculum schools with over 13,000 students. The education provided in these schools conforms to the curricula defined by the French Ministry of Education which give qualifying schools a French accreditation called a Homologation. These schools compare to the best American public and private schools, renowned for their outstanding educational standards and their dedication to bilingual (and sometimes trilingual) studies and multi-culturalism.  A rigorous curriculum prepares students for the French national high school diploma, the Baccalauréat, which is widely recognized by American as well as Canadian colleges and universities.  Full immersion in American culture allows the students the best possible access to North-American universities as well as to any higher education institution throughout the world.  Each school is independent and is administered by a board of trustees. The tuition fees for the French-American schools range generally from $6,000 to $31,000, but vary according to class level and location.

16.     The French-American School of New York is an international private school serving more than 850 students in the greater New York City and Greenwich, Connecticut areas.  Its high school is a French government-approved French high school, and so, its students qualified for PEC tuition grants.  Its rigorous academic program, taught in French and English, is accredited by the International Baccalaureate Organization, the French Ministry of National Education, the New York State Department of Education, and the New York State Association of Independent Schools.  The French-American School of New York operates on three campuses located in Scarsdale, Larchmont, and Mamaroneck, New York,

with the high school located in Mamaroneck.

17.     In 2007, then President of the Republic of France, Nicolas Sarkozy, implemented the PEC program, which provided a non-income-based tuition subsidy to expatriate high school students enrolled in French government-approved French high schools outside of France.  The PEC tuition grants were designed to promote the French educational system abroad and to encourage French expatriate students to attend French government-approved high schools when they resided outside of France.  The PEC program fulfilled President Sarkozy's campaign pledges to foster "free" French education for French citizens abroad, though eventually, in December 2009, tuition payments were capped at 2007/2008 levels.

18.     The PEC program provided PEC tuition grants for approximately 8,000 French high school students each year, including Plaintiff's daughter, Belle.  Belle was a student at the French-American School of New York.

19.     Plaintiff applied for a PEC tuition grant to pay for her daughter Belle's tuition at the French-American School of New York for the academic year 2012/2013.  On or about April 20, 2012, the French Consul General, Phillipe Lalliot, sent Plaintiff Martine Violet a letter advising her that her daughter Belle had been approved by the Local Commission for Financial Aid for a PEC award for the 2012/2013 academic year in the amount of $25,820.

20.     The letter, written in French, states the following:

**CONSULATE GENERAL OF FRANCE
AT NEW YORK**
934 FIFTH AVENUE

6


NEW YORK, NY 10021
Business hours:
MONDAY FRIDAY 9AM TO 17 H.
Phone: 212 606 3606
E-mail: sophie.jammes@diplomatie.gouv.fr
File followed by: Sophie MY JAM
Mrs Martine VIOLET
257 ORCHARD STREET APT 3
WESTFIELD, NJ, 07090
001524

20/04/2012

RE: Support by the French Republic for the French students enrolled in a French School providing French Instruction during the 2012/2013 school year.

Madam,

I have the honor to inform you that the Local Commission for Financial Aid held at the Consulate General of France, April 18, 2012, decided to propose to the Agency for French Instruction Abroad, during the school year 2012/2013, the payment of tuition for your child CARROLL Belle for an amount of $ 25,820.00 (USD), broken down as follows:

Financial Aid Award Ratio: 100%
NAME: Belle NAME: CARROLL
SCHOOL: FRENCH-AMERICAN SCHOOL OF NEW YORK CLASS: 2
NATURE OF FINANCIAL AID GRANT: Tuition Fees: 25,820 (USD)

I draw your attention to the fact that this proposal is made on behalf of the Local Commission For Financial Aid of NEW YORK, subject to the final decision of the AEFE, after a final recommendation of the National Commission For Financial Aid.

Any decision not in accordance with this proposal will be immediately notified.

Please accept, Madam, the assurances of my respectful greetings.

The President of the Local Commission for Financial Aid
Philippe LALLIOT
Consul General

      21.      Having received notification that Belle would be receiving a PEC tuition

grant of $25,820 for the 2012/2013 academic year, Plaintiff and her husband enrolled Belle

at the French-American School of New York for the 2012/2013 academic year shortly


thereafter.  Moreover, because the Carrolls live in Westfield, New Jersey, which is a considerable distance from the French-American School of New York's high school campus, located in Mamaroneck, New York, the Carrolls re-arranged their living arrangements to facilitate Belle's attendance at the school.  Indeed, Martine and Belle moved to a condominium in Mamaroneck so that Belle would not have to endure a long daily commute.

22. On information and belief, the other Class members also applied for PEC tuition grants to pay for their children's tuition at French government-approved French high schools in the United States for the 2012/2013 academic year.  The other Class members received letters from the French Consulate written on or about April 20, 2012 similarly notifying them they were being awarded PEC tuition grants for the 2012/2013 academic year.  These Class members then enrolled their children in French government-approved French-American high schools for the academic year 2012/2013.

23. On or about July 5, 2012, Defendants unilaterally terminated the PEC program.  Plaintiff received a letter, dated July 5, 2012, abruptly notifying her of the termination of the PEC program for the upcoming 2012/2013 academic year and the concomitant cancellation of the PEC tuition grant which would have paid the previously promised $25,820 for Belle's tuition at the French-American School of New York.

24. The letter, written in French, states the following:

934 FIFTH AVENUE
NEW YORK, NY 10021
Business hours :
MONDAY FRIDAY 9AM TO 17 H.
Phone: 212 606 3606

E-mail: sophie.jammes@diplomatie.gouv.fr
File followed by: Sophie JAMMES
GENERAL CONSULATE
AT NEW YORK
Mrs Martine VIOLET
257 ORCHARD STREET APT 3
WESTFIELD, NJ, 07090
001524

05/07/2012
------- - - - -

RE: Support by the French Republic for the French students enrolled in a French School providing French Instruction during the 2012/2013 school year.

Madam,

I inform you that the Agency for French Instruction Abroad was unable to accept your request for the payment of tuition fees for the benefit of your (your) child (ren) :
Belle CARROLL

Under the school year 2012/2013, this program being removed starting the upcoming academic school year.

In case of financial difficulties, it is possible for you to submit a financial aid request which will be processed according to the income-based rules currently in effect.

Please accept, Madam, the assurances of my respectful homage.

The President of the Local Commission for Financial Aid
Philippe LALLIOT

      25.     On information and belief, the other Class members were similarly notified by letter on or about July 5, 2012 that their previously awarded PEC tuition grants for the 2012/2013 academic year were being cancelled in conjunction with the termination of the PEC program.

      26.     Defendants' unilateral termination of the PEC program just before the start of the 2012/2013 academic year constitutes a breach of their contracts with Plaintiff and the other Class members to provide Plaintiff and the other Class members with PEC tuition

9

grants for the 2012/2013 academic year.

27. As a direct result of Defendants' breach of these contracts, Plaintiff and the other Class members have suffered monetary damages, have been injured thereby, and seek recovery for their monetary damages in this action.

## CLASS ACTION ALLEGATIONS

28. Plaintiff seeks to be appointed as the class representative of a Class composed of and defined as follows:

> All persons who, on or about April 20, 2012, were notified that they had been awarded PEC tuition grants by the French government for the 2012/2013 academic year to pay for tuition of their children at French government-approved French-American high schools in the United States and subsequently had those PEC tuition grants cancelled prior to the 2012/2013 academic year. Excluded from the Class are Defendants and any Judge presiding over this matter and the members of his or her immediate family. Also excluded from this Class are the legal representatives, heirs, successors, and attorneys of any excluded person or entity, and any person acting on behalf of any excluded person or entity.

29. As to the above Class, this action is appropriately suited for class action treatment. Plaintiff is informed, believes, and thereon alleges, that the Class is sufficiently numerous – consisting of several thousand individuals -- such that a class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impractical.

30. This action involves questions of law and fact common to the Class. The PEC program awarding PEC tuition grants to French expatriates whose children were enrolled at qualifying French government-approved high schools was a uniform program open to all qualifying French expatriates on the same conditions and terms. In the United States, all Class members received notifications of their PEC tuition grants for the 2012/2013 academic year on

10

or about April 20, 2012 and cancellation of their awards on or about July 5, 2012. Such common issues of law and fact include, but are not limited to:

- Whether the PEC tuition grants for the 2012/2013 academic year on or about April 20, 2012 constitute a contract between Defendants and Plaintiff and the Class members;

- Whether the cancellation of the PEC tuition grants for the 2012/2013 academic year on or about July 5, 2012 constitutes a breach of contract by Defendants; and

- Whether, as a result of Defendants' breaches of contract, Plaintiff and the Class members are entitled to monetary damages and equitable and injunctive relief.

31. The questions of law and fact common to the Class members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and available remedies.

32. Plaintiff's claims are typical of the claims of Class members, and Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff was awarded a PEC tuition grant to pay for her daughter's high school tuition by Defendants on or about April 20, 2012, and that grant was unilaterally cancelled by Defendants on or about July 5, 2012. Plaintiff suffered an injury-in-fact as a result of Defendants' conduct, as did all Class members who were similarly awarded PEC tuition grants by Defendants on or about April 20, 2012 and had those grants unilaterally cancelled by Defendants on or about July 5, 2012.

33. Plaintiff's interests are coincident with and not antagonistic to those of the other Class members. Plaintiff is represented by counsel who is competent and experienced in the prosecution of class action litigation.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of

11

similarly situated Class members to adjudicate simultaneously their common claims in a single forum in an efficient manner and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not afford individually to litigate the claims pleaded in this Complaint. There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT)

35.     On behalf of herself and the Class members, as defined in Paragraph 28 above, Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein, the allegations contained in paragraphs 1 through 34 above.

36.     Plaintiff and the other Class members timely applied to Defendants for PEC tuition grants to pay for their children's tuition at French government-approved French high schools in the United States for the 2012/2013 academic year. On or about April 20, 2012, Defendants notified Plaintiff and the other Class members that their applications for the PEC tuition grants had been approved. By awarding Plaintiff and the other Class members the PEC tuition grants for the 2012/2013 academic year, Defendants entered into contracts with Plaintiff and the other Class members to pay those PEC awards. In reliance thereon, Plaintiff and the other Class members enrolled their children in those high schools for the 2012/2013 academic year, and contractually committed themselves to paying the tuition to those schools. On or about July 5, 2012,

however, Defendants breached their contractual commitments to Plaintiff and the other Class members, and announced that the PEC program was being terminated, effective immediately, and that no PEC tuition grants would be made for the 2012/2013 academic year.

37.  Defendants' actions described herein constitute breaches of their contracts between Defendants and Plaintiff and the other Class members.

38.  Defendants' breaches of contract, as set forth above, have caused Plaintiff and the other Class members to incur substantial monetary damages for which they seek recovery herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

1.  Certifying this action as a class action as soon as practicable, with the class as defined above, designating Plaintiff as the named class representative, and designating the undersigned as Class Counsel.

2.  On Plaintiff's First Cause of Action, awarding against Defendants the damages that Plaintiff and the other Class members have suffered as a result of Defendants' actions, the amount of such damages to be determined at trial.

3.  Awarding Plaintiff and the Class interest, costs, and attorneys' fees.

4.  Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by on all issues so triable.

Dated: White Plains, New York
       April 11, 2016

                                  Respectfully Submitted,

By:     /s/ Jeffrey I. Carton
        Jeffrey I. Carton, Esq. (JC-8296)
        Robert J. Berg, Esq. (RB-8542)
        DENLEA & CARTON LLP
        2 Westchester Park Drive, Suite 410
        White Plains, NY 10604
        (914) 331-0100
        jcarton@denleacarton.com
        rberg@denleacarton.com
        *Attorneys for Plaintiffs*