Joseph P. Goldberg
Direct Dial: 646.218.7615
jgoldber@hodgsonruss.com

**Hodgson Russ** LLP
ATTORNEYS

September 27, 2018

*Opposing party to state position in writing (not to exceed 3 pages) by Oct. 5, 2018.*

*Dated: Oct. 2, 2018*

**SO ORDERED:**

Via Fax
Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Re: <u>Carroll v. The Republic Of France et al., No. 7:16-cv-02683 (NSR)</u>

Dear Judge Román:

Consistent with Your Honor's Individual Practices In Civil Cases 3(ii), I write on behalf of the Defendants to request a pre-motion conference in advance of filing a motion to dismiss the Plaintiff's complaint on three separate and independent grounds: 1) the Court may not exercise jurisdiction over any of the Defendants because they are foreign sovereigns and no exceptions to the Foreign Sovereign Immunities Act ("FSIA") apply; 2) if the Court finds that it has jurisdiction, it should nonetheless dismiss the case on grounds of *forum non conveniens* because, among other reasons, almost all of the critical evidence is in French and most of the necessary witnesses are also located in France; and 3) in the alternative, the Complaint should be dismissed as plaintiff cannot sustain her breach of contract action given her reliance on a provisional recommendation for grant aid which expressly states that it is conditional and subject to a two step approval process before becoming final.

**Background**

Plaintiff's complaint invites the Court to adjudicate and nullify the results of a French presidential election. Specifically, Plaintiff seeks to invalidate a policy decision made by the French government after a contested presidential election concerning the education of French students living abroad. Plaintiff seeks, via a class action, to require the French government to pay for the education of French students living abroad even though the French government (and French citizens) decided to formally end this program during the summer of 2012.

When Nicolas Sarkozy ran for the French presidency in 2007, one of his campaign promises was to institute free education for all French students living abroad, starting with the last year of secondary school. This program was called Prise en Charge ("assumption of cost"), or PEC. Families wishing to apply for PEC aid had to demonstrate that they were French citizens and that their schoolchildren were to be enrolled in schools accredited by the Agence pour l'Enseignement Francais a l'Etranger – in English, the Agency for French Education Abroad (the "Agency"). These familes submitted applications to local French consulates. The consulates evaluated the applications, issued preliminary recommendations, and notified applicants that the recommendations were subject to the final approval of the National Commission For Financial Aid and the Agency. The consulates then sent the applications to the Agency office in Paris for a final recommendation from the National Commission and the final decision to grant or deny aid.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/2018

605 Third Avenue • Suite 2300 • New York, New York 10158 • telephone 212.751.4300 • facsimile 212.751.0928
Albany • Buffalo • New York • Palm Beach • Saratoga Springs • Toronto • www.hodgsonruss.com

Hon. Nelson S. Román
September 27, 2018
Page - 2 –



PEC quickly became a large undertaking and became politically contentious in France, in part because of its growing expense. When Francois Hollande ran for the presidency against Nicolas Sarkozy in 2012, he advocated the termination of PEC. Hollande, during his campaign, indicated that he would replace the PEC program with a program that provided financial aid only to students with demonstrated financial need. Nicolas Sarkozy, in his campaign, stated that, if elected, he would keep the PEC program in place.

During the election year, the Agency continued to administer the policies set by the Sarkozy administration and the French foreign ministry. Local consulates accepted applications and made initial recommendations to the Agency. The Agency did not make any final decisions to grant or deny PEC aide before the presidential election and the complaint does not allege otherwise. The election was held in May 2012. Francois Hollande won the presidency. His administration quickly moved to fulfill his campaign promises. In July and August of 2012, the Presidential administration, the Prime Minister, the heads of France's ministries, the foreign ministry, and the Agency all took action to end the PEC program.

### The Complaint

The complaint asserts a single cause of action for breach of contract. Plaintiff, a French citizen living in the United States, alleges that she applied for grant aid to cover tuition for her daughter for the school year 2012/2013. The letter upon which plaintiff relies as quoted in the complaint reads in pertinent part, "I draw your attention to the fact that this proposal is made on behalf of the Local Commission For Financial Aid of NEW YORK, *subject to the final decision of the AEFE, after a final recommendation of the National Commission For Financial Aid.* Any decision not in accordance with this proposal will be immediately notified." Complaint ¶ 20 (emphasis added). Substantially similar letters were sent to other PEC applicants. Although the letter is, by its express terms, conditional, Plaintiff asserts, on behalf of herself and all others similarly situated, that the termination of the PEC program constituted a breach of contract to provide PEC grant aid.

### The Court May Not Exercise Jurisdiction Over Defendants

It is undisputed that each defendant – the Republic of France, its foreign ministry, and the agency that implements educational policies created by the foreign ministry – are "foreign states" as defined by 28 USC § 1603(1) and thus presumptively immune from jurisdiction of U.S. courts unless an exception to the FSIA applies. Complaint ¶¶ 11-13. The Complaint alleges that Defendants are not immune from suit pursuant to the commercial activities exception. This allegation has no basis in fact or law.

In order to create an exception to FSIA's presumption that jurisdiction does not exist over foreign sovereignties for commercial activity, the Court evaluates "whether the particular actions that the foreign state performs (whatever the motive behind them) are the *type* of actions by which a private party engages in 'trade and traffic or commerce.'" *Figueroa v. Ministry for Foreign Affairs of Sweden*, 222 F.Supp.3d 304, 310-311 (S.D.N.Y. 2016). Courts consistently hold that the administration of large-scale policies such as PEC do not constitute commercial activity. *See, e.g., Anglo-Iberia Underwriting Mgmt. v. P.T. Jamsostek*, 600 F.3d 171 (2d Cir. 2010) (holding administration of large state-run health insurance program fundamentally different than private market provision of health insurance). The "commercial activity" identified by Plaintiff is a large-scale French educational program, and the alleged breach on

Hon. Nelson S. Román
September 27, 2018
Page - 3 –



parties, and is precisely the sort of sovereign decision-making that is meant to be immune from jurisdiction under the FSIA.

**Alternatively, The Court Should Dismiss The
Case Under The Doctrine Of Forum Non Conveniens**

Plaintiff's claims are, fundamentally, a dispute between citizens of France and the French government. Even if the Court determines that it has jurisdiction, the conveniences of the parties and public considerations indicate that the action should be dismissed as filed in an inconvenient forum. *See, e.g., Carey v. Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 237 (2d Cir. 2004). While Plaintiff's choice of forum is entitled to some deference, France provides an adequate alternative forum and virtually every document likely to be relevant to the case is in the French language, most likely witnesses are French-speakers located in France, all members of the proposed class in the complaint will be citizens of France, and France has a very strong interest in resolution of disputes over its educational policies set at the presidential level.

**Plaintiff's Complaint Should Be Dismissed For
Failure To State A Claim Upon Which Relief May Be Granted**

"To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Kowalchuk v. Stroup*, 61 A.D.3d 118, 121, 873 N.Y.S.2d 43 (1st Dep't 2009) (internal citations and quotations omitted). The complaint relies entirely on a letter that is expressly conditional and requires final approval from both the National Commission and the Agency. Complaint ¶ 20. The complaint alleges that final approval was denied. Complaint ¶ 24. In other words, the plain text of the complaint demonstrates that Plaintiff received notification that her proposed aid award was provisional and subject to an additional two step approval process, and that the approval process resulted in denial of the proposed aid award. On its face, the complaint establishes that there was not an offer, acceptance, or a mutual intent to be bound. Finally, the complaint clearly alleges that PEC was a grant program designed to provide "free" education to French citizens living abroad. Complaint ¶ 17. PEC provided grant money without obliging recipients to repay or perform any services. The complaint conspicuously fails to allege that Plaintiff offered any consideration in exchange for a provisional PEC grant. Gifts without consideration do not create an enforceable contract. *See, e.g., Muckle v. UNCF*, 930 F.Supp.2d 1355, 1359 (N.D.Ga., 2012) (dismissing breach of contract claim based on scholarship contract, holding scholarship was gift where applicant offered no consideration).

Very truly yours,

Joseph P. Goldberg

cc:   Robert Berg, Esq. (via email and mail)
      Jeff Carton, Esq. (via email and mail)



Joseph P. Goldberg
605 Third Ave., Suite 2300
New York, NY 10158
Telephone: 646-218-7615
Facsimile: 646-943-7070



*A Registered Limited Liability Partnership Including Professional Associations*

Please deliver the following pages to:

**Name:**           Hon. Nelson S. Roman

**Phone Number:**

**Company:**        United States District Judge

**Facsimile:**      914-390-4179

**From:**           Joseph P. Goldberg        **Direct Telephone:**   646-218-7615

**Total Pages:**    (does not include cover page)  03

**Today's Date:**   Thursday, September 27, 2018 1:29:34 PM

**Comments:**

Re: Carroll v. The Republic of France, et al., No. 7:16-cv-02683 (NSR)

**Confidentiality Notice**

This is a CONFIDENTIAL transmission. The sender, Hodgson Russ LLP, is a law firm representing its client. The transmission is intended for the designated addressee only. If you are not the intended recipient, please contact us immediately and REFRAIN FROM DISCLOSING OR USING THE ENCLOSED INFORMATION IN ANY WAY. Failure to comply with this direction may result in a claim that you have violated the law and/or are liable for money damages.

Thank you for your attention to this message. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.
Telephone: 646-218-7615