**MEMO ENDORSED**

**MEMORANDUM ENDORSEMENT**

*Carroll v. Republic of France et al.*, 16-cv-2683 (NSR)

On November 7, 2018, there was a status conference before this Court during which Plaintiff was granted leave to file an amended complaint by December 7, 2018. The Court also issued a briefing schedule for Defendants' anticipated motion to dismiss.

The Court is in receipt of Plaintiff's letter, dated November 30, 2018. The Court understands that Plaintiff's counsel seeks leave to file a motion to withdraw as well as extensions for time to identify substitute counsel and to file a motion under seal for the Court's *in camera* review.

The Court waives the pre-motion conference requirement for Plaintiff's motion to withdraw and grants Plaintiff leave to file said motion. Plaintiff's motion is to be served, not filed, by January 14, 2019. Defendants' opposition is to be served, not filed, by January 24, 2019. Plaintiff's reply is to be served by January 31, 2019. The parties are directed to file all motion documents on the reply date, January 31, 2019. The parties should provide two copies of all documents to chambers as the documents are served.

The Court denies without prejudice to renew Plaintiff's request for permission to file a motion under seal.

Dated: January 3, 2019
White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/19



**DENLEA & CARTON LLP**

2 Westchester Park Drive
Suite 410
White Plains, NY 10604
Tel 914-331-0100
Fax 914-331-0105
www.denleacarton.com

November 30, 2018

**By Facsimile (914) 390-4179**

Hon. Nelson S. Román
United States District Court
300 Quarropas Street
White Plains, New York  10601

       Re: **Carroll v. The Republic of France, et al.**
          **Case No. 7:16-cv-02683 (NSR) (S.D.N.Y.)**

Dear Judge Román:

  We represent Plaintiff Martine Carroll in the above-referenced class action. We are writing to request a pre-motion conference, pursuant to Your Honor's Individual Practices in Civil Cases, in anticipation of filing our motion to withdraw as Plaintiff's counsel in this action (or alternatively, for leave to file our motion to withdraw without a pre-motion conference). We also request permission to file the motion under seal for Your Honor's *in camera* review and consideration. As set forth more fully below, Ms. Carroll consents to our withdrawal and requests a reasonable period of time in which to identify substitute counsel.

  It is well-settled that withdrawal as counsel is appropriate under the New York Rules of Professional Conduct where withdrawal can be accomplished without material adverse effect on the interests of the client, and the client knowingly and freely assents to termination of the representation. Rule 1.16 (c)(1) and (10). Ms. Carroll has signed a Voluntary Consent to our withdrawal as her counsel which we are prepared to submit to Your Honor under seal in connection with our motion papers for your *in camera* review and consideration.

  Withdrawal of counsel is governed by Local Civil Rule 1.4 which states:

> An attorney who has appeared as attorney of record for a party ... may not withdraw from a case without leave of the court granted by order. Such order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In considering a motion for withdrawal of counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *Bijan Karimian v. Time Equities, Inc.*, 10 Civ. 3773 (AKH)(JCF), 2011 U.S. Dist. LEXIS 51916, at *3-4 (S.D.N.Y. May 11, 2011). "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F.Supp.2d 258, 264 (E.D.N.Y. 2010), quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002).

As noted below, to protect the sanctity of the attorney-client relationship, we request that we be permitted to present the reasons for our withdrawal as Plaintiff's counsel *in camera*, under seal, and without providing them to Defendants or the public. Nonetheless, we represent in good faith that those reasons are permitted under our retainer agreement with Plaintiff and pursuant to NY Rules of Prof. Cond. Rule 1.16(c)(1) (withdrawal can be accomplished without material adverse effect on the interests of the client) and 1.16(c)(10) (the client knowingly and freely assents to termination of the employment). Most significantly, Plaintiff has voluntarily agreed to our withdrawal.

With respect to the second factor identified by the Court in *Karimian*, although this action was filed in 2016, due to the complexities of service on a foreign sovereign and its entities, Defendants did not agree to accept service and did not appear in this action until May 4, 2018. Following their appearance, Defendants requested (and Plaintiff consented to) a lengthy adjournment to allow Defendants to formulate their litigation strategy. On October 2, 2018, Defendants requested a pre-motion conference to discuss their intention to move to dismiss the Complaint. On November 7, 2018, the Court held a pre-motion conference to address Plaintiff's request for limited discovery, and at the conclusion of that conference, permitted Plaintiff to file an Amended Complaint on or before December 7, 2018. Given this posture, the case is at the very earliest stage, and granting our motion will not cause undue delay. *See, e.g., Karimian*, 2011 U.S. Dist. LEXIS, at *8 ("Here, although substantial discovery has taken place, discovery has not yet closed, and trial is still several months away. Under these circumstances, the posture of the case does not require that the motion to withdraw be denied.").

We respectfully request that the Court allow us to file our motion to withdraw, an accompanying declaration, memorandum of law, and Voluntary Consent of Plaintiff Carroll under seal for *in camera* review and consideration, with copies served on Defendants (except for the Voluntary Consent of Plaintiff Carroll and our Declaration) in order to preserve the confidentiality of the attorney-client relationship. Courts frequently permit papers in support of motions to withdraw as counsel to be filed under seal and for *in camera* review, finding it necessary for the protection of the attorney-client relationship. *See, e.g., Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB)(JLC), 2012 U.S. Dist. LEXIS 7646, at *7-8 (S.D.N.Y. Jan. 23, 2012)(granting motion to withdraw upon *in camera* review, explaining: "documents in support of motions to withdraw are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and ... this method is viewed favorably by the courts")(internal quotations omitted)(quoting *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.* 464 F.Supp.2d 164, 165-166 (E.D.N.Y. 2006)); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998)("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in

camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

    In view of the holiday season, Plaintiff respectfully requests up to ninety (90) days to secure new counsel, and requests that the existing case management deadlines be extended to thirty (30) days after her new counsel files an appearance with the Court in this action. We would be pleased to discuss our request to file a motion to withdraw as Plaintiff's counsel at a pre-motion conference if Your Honor so desires.

                                         Respectfully submitted,

                                         /s/ Robert J. Berg
                                         Robert J. Berg

cc:    Joseph P. Goldberg, Esq. (By email and by regular mail)
        Kathryn Tiskus, Esq. (By email)
        Martine V. Carroll (By email)