UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
                                        :
MARTINE VIOLET CARROLL, on behalf of    :
herself and all others similarly situated, :
                                        :   Civil Action No. 1:16-cv-02663(NSR)
                          Plaintiff,    :
                                        :
v.                                      :
                                        :   **PLAINTIFF'S MEMORANDUM**
                                        :   **OF LAW IN SUPPORT OF**
                                        :   **MOTION FOR WITHDRAWAL AS**
THE REPUBLIC OF FRANCE, THE FRENCH      :   **PLAINTIFF'S COUNSEL**
MINISTRY OF FOREIGN AFFAIRS, and        :
THE AGENCE POUR L'ENSEIGNEMENT          :
FRANCAIS A L'ETRANGER,                  :
                                        :
                          Defendants.   :
_____X

Denlea & Carton LLP ("D&C") submits this Memorandum of Law in support of its motion for an Order permitting it to withdraw as counsel of record for Plaintiff Martine Carroll ("Carroll").

## BACKGROUND

This is a simple motion to allow D&C to withdraw as counsel for Plaintiff pursuant to the terms of Plaintiff's retainer agreement with D&C, and to provide Plaintiff with a reasonable amount of time to find replacement counsel. Given the very early stage of this litigation – before a responsive pleading to the complaint has been filed – there is no prejudice to any party by granting this motion, and respectfully, the motion should be granted.

D&C has represented Plaintiff from the outset of this putative class action litigation against the Republic of France, its Ministry of Foreign Affairs, and a French governmental agency responsible for administering the French government's approved education system

1

overseas. This is a novel litigation involving complex issues of sovereign immunity, *forum non conveniens*, and the law of contracts and promissory estoppel. See Declaration of Robert J. Berg in Support of Motion for Withdrawl as Plaintiff's Counsel ("Berg Decl.") at ¶2. D&C is representing Plaintiff pursuant to a written Retainer Agreement on a fully contingent basis, with D&C advancing all litigation expenses and with Plaintiff bearing no liability for any fees or expenses should the litigation turn out to be unsuccessful. Accordingly, the Retainer Agreement provides that either party may terminate the Agreement at any time, and in particular, D&C may terminate its representation in its sole discretion upon giving Plaintiff reasonable advance written notice. Berg Decl. at ¶3.

Although this lawsuit was filed on April 11, 2016, effecting service proved difficult and time-consuming because of the sovereign status of Defendants and their initial refusal to accept service under the Foreign Sovereign Immunities Act. Defendants did not appear in the action until May 4, 2018. Berg Decl. at ¶4. On September 27, 2018, Defendants filed a letter requesting a pre-motion conference, stating their intention to move to dismiss the Complaint for lack of jurisdiction, *forum non conviens*, and failure to state a claim. On October 5, 2018, Plaintiff filed her letter explaining her position against a motion to dismiss. On October 22, 2018, the Court issued an Order dispensing with the pre-motion conference and setting a briefing schedule for the motion to dismiss. Berg Decl. at ¶5.

On October 31, 2018, Plaintiff filed a letter with the Court requesting limited discovery related to the "commercial activity" exception to Defendants' intended sovereign immunity defense to federal court jurisdiction. On November 2, 2018, Defendants filed their letter in opposition to the requested discovery. Berg Decl. at ¶6. On November 7, 2018, the Court held a lengthy hearing on Plaintiff's discovery request and other issues related to Defendants'

forthcoming motion to dismiss. At the conclusion of the hearing, at Plaintiff's request, the Court granted Plaintiff leave to file an amended Complaint by December 7, 2018, or to stand on the current Complaint, and set a new briefing schedule for the motion to dismiss. Berg Decl. at ¶7.

During the two weeks following the November 7, 2018 hearing, D&C communicated with Plaintiff about the litigation strategy going forward, and D&C informed her it had determined to seek to withdraw as counsel. Plaintiff decided she wants to continue prosecuting the action with new counsel, which she is currently seeking. Berg Decl. at ¶8. On November 21, 2018, pursuant to the terms of the Retainer Agreement, D&C sent Plaintiff a letter notifying her, in writing, that D&C seeks to terminate its involvement in the action. Plaintiff has agreed to D&C's termination and withdrawal as her counsel, and on November 28, 2018, Plaintiff signed Plaintiff's Consent to Withdrawl of Counsel (Exhibit A) Berg Decl. at ¶9. In that Consent, Plaintiff has acknowledged that: (1) she has been notified in writing by D&C of the reasons for its request to withdraw as her counsel; (2) the reasons are permitted under the Retainer Agreement she signed with D&C on January 18, 2016; (3) D&C has advised her of the status of her case on the Court's docket; (4) she has advised D&C that she intends to continue prosecuting the action upon the withdrawal of D&C, and that she seeks new counsel to represent her in the continued prosecution of the action; (5) D&C has advised her that D&C will notify the Court and Defendants that D&C seeks to withdraw as Plaintiff's counsel pursuant Local Civil Rule 1.4; (6) D&C has advised her that D&C will request that the Court afford her reasonable time to secure new counsel; and (7) D&C has advised her that D&C will not be asserting a Charging Lien or Retaining Lien against her or the continued prosecution of the case. Berg Decl. ¶10.

Plaintiff respectfully seeks an additional 90 days to secure new counsel. Berg Decl. at ¶11.

## ARGUMENT

It is well-settled that withdrawal as counsel is appropriate under the New York Rules of Professional Conduct where the withdrawal can be accomplished without material adverse effect on the interests of the client, and the client knowingly and freely assents to termination of the representation. N.Y. Rules of Prof. Cond. Rule 1.16 (c)(1) and (10). Plaintiff has signed a Consent to D&C's withdrawal as her counsel. Exhibit A.

Withdrawal of counsel is governed by Local Civil Rule 1.4 which states:

> An attorney who has appeared as attorney of record for a party ... may not withdraw from a case without leave of the court granted by order. Such order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In considering a motion for withdrawal of counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *Bijan Karimian v. Time Equities, Inc.*, 10 Civ. 3773 (AKH)(JCF), 2011 U.S. Dist. LEXIS 51916, at *3-4 (S.D.N.Y. May 11, 2011); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)(same). "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F.Supp.2d 258, 264 (E.D.N.Y. 2010), quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002).

In order to protect the sanctity of the attorney-client relationship, D&C will not discuss any attorney/client communications the Firm has had with Plaintiff. Rather, it suffices to say that D&C has decided to terminate its attorney/client relationship with Plaintiff according to the terms of the Retainer Agreement, and Plaintiff agrees to the termination, and has signed a Consent to Withdrawal. Plaintiff wishes to proceed with the litigation, however, and simply seeks reasonable time to secure replacement counsel once D&C is permitted to withdraw. Thus, D&C's withdrawal as Plaintiff's counsel is permissible pursuant to NY Rules of Prof. Cond. Rule 1.16(c)(1) (withdrawal can be accomplished without material adverse effect on the interests of the client) and 1.16(c)(10) (the client knowingly and freely assents to termination of the employment).

With respect to the second factor identified by the Court in *Karimian* – the timing of the proceeding – the action is still at the beginning stage. Although this action was filed in April 2016, due to the complexities of service on a foreign sovereign and its entities and Defendants' united refusal to accept service under the Foreign Sovereign Immunities Act, Defendants did not agree to accept service and did not appear in this action until May 4, 2018. Following their appearance, Defendants requested (and Plaintiff consented to) a lengthy adjournment to allow Defendants to formulate their litigation strategy. On September 27, 2018, Defendants requested a pre-motion conference to discuss their intention to move to dismiss the Complaint. On October 5, 2018, Plaintiff filed her letter explaining her position against a motion to dismiss. On October 22, 2018, the Court issued an Order dispensing with the pre-motion conference, and instead, set a briefing schedule for the motion to dismiss.

On October 31, 2018, Plaintiff filed a letter with the Court requesting limited discovery related to the "commercial activity" exception to Defendants' intended sovereign immunity

defense to federal court jurisdiction. On November 2, 2018, Defendants filed their letter in opposition to the requested discovery. On November 7, 2018, the Court held a lengthy pre-motion conference to address Plaintiff's request for limited discovery, and then went on to address issues related to Defendants' forthcoming motion to dismiss. At the conclusion of that conference, the Court permitted Plaintiff to file an Amended Complaint on or before December 7, 2018, and otherwise set a briefing schedule for Defendants' motion.

At this juncture, an Amended Complaint has not yet been filed, and an operative complaint has yet to receive formal judicial scrutiny. Given this posture, the case is at the very earliest stage, and granting D&C's motion will not cause undue delay. Indeed, withdrawal motions are frequently granted in actions far more advanced than this one. *See, e.g., Karimian,* 2011 U.S. Dist. LEXIS, at *8 ("Here, although substantial discovery has taken place, discovery has not yet closed, and trial is still several months away. Under these circumstances, the posture of the case does not require that the motion to withdraw be denied."); *Winkfield v. Kirschenbaum & Phillips, P.C.,* No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013)(where discovery has not yet closed and case is not yet on the verge of trial readiness, withdrawal of counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw); *D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.,* No. 03 Civ. 3038 (RMB), 2006 WL 1676485, at *1-2 (S.D.N.Y. June 16, 2006)(granting counsel's motion to withdraw where discovery was complete and trial was months away); *Promotica of America, Inc. v. Johnson Grossfield, Inc.,* No. 98 CIV 7414, 2000 WL 424184, at *1-2 (S.D.N.Y. Apr. 18, 2000)(granting motion to withdraw where discovery was closed and case was ready for trial).

## CONCLUSION

For the foregoing reasons, D&C respectfully requests that the Court grant its motion to withdraw and provide Plaintiff with up to an additional ninety (90) days to secure replacement counsel.

Dated: White Plains, New York
January 14, 2019

>Respectfully submitted,
>
>DENLEA & CARTON LLP
>
>By: /ss/ Jeffrey I. Carton
>Jeffrey I. Carton, Esq.
>jcarton@denleacarton.com
>Robert J. Berg, Esq.
>rberg@denleacarton.com
>2 Westchester Park Drive, Suite 410
>White Plains, New York 10604
>(914) 331-0100