UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X
                            :

MARTINE VIOLET CARROLL, on behalf of   :
herself and all others similarly situated,      :

                          :   **Civil Action No. 7:16-cv-02683(NSR)**
                  Plaintiff,   :

                          :

v.                          :

                          :   **DECLARATION OF ROBERT**
                          :   **J. BERG IN SUPPORT OF**
                          :   **MOTION FOR WITHDRAWAL AS**
THE REPUBLIC OF FRANCE, THE FRENCH  :   **PLAINTIFF'S COUNSEL**
MINISTRY OF FOREIGN AFFAIRS, and     :
THE AGENCE POUR L'ENSEIGNEMENT   :
FRANCAIS A L'ETRANGER,           :

                          :

                Defendants.  :
———————————————————————X

      ROBERT J. BERG, under penalty of perjury, declares as follows:

      1.     I am a member of the Bars of the States of New York and New York and this

Court, among numerous other federal District and Appeals Courts.  I am a member of the firm of

Denlea & Carton LLP ("D&C"), counsel to Plaintiff Martine Violet Carroll ("Carroll") in this

action.  I am fully familiar with the facts and circumstances stated herein, and I make this

Declaration, pursuant to Local Civil Rule 1.4, in support of D&C's Motion to Withdraw as

Plaintiff's Counsel.

      2.     D&C has represented Plaintiff from the outset of this putative class action

litigation against the Republic of France, its Ministry of Foreign Affairs, and a French

governmental agency responsible for administering the French government's approved education

system overseas.  This is a novel litigation involving complex issues of sovereign immunity,

*forum non conveniens*, and the law of contracts and promissory estoppel.

3.      D&C is representing Plaintiff pursuant to a written Retainer Agreement on a fully contingent basis, with D&C advancing all litigation expenses and with Plaintiff bearing no liability for any fees or expenses should the litigation turn out to be unsuccessful.  Accordingly, the Retainer Agreement provides that either party may terminate the Agreement at any time, and in particular, D&C may terminate its representation in its sole discretion upon giving Plaintiff reasonable advance written notice.

4.      Although this lawsuit was filed on April 11, 2016, effecting service proved difficult and time-consuming because of the sovereign status of Defendants and their initial refusal to accept service under the Foreign Sovereign Immunities Act.  Defendants did not appear in the action until May 4, 2018.

5.      On September 27, 2018, Defendants filed a letter requesting a pre-motion conference, stating their intention to move to dismiss the Complaint for lack of jurisdiction, *forum non conviens*, and failure to state a claim.  On October 5, 2018, Plaintiff filed her letter explaining her position against a motion to dismiss.  On October 22, 2018, the Court issued an Order dispensing with the pre-motion conference and setting a briefing schedule for the motion to dismiss.

6.      On October 31, 2018, Plaintiff filed a letter with the Court requesting limited discovery related to the "commercial activity" exception to Defendants' intended sovereign immunity defense to federal court jurisdiction.  On November 2, 2018, Defendants filed their letter in opposition to the requested discovery.

7.      On November 7, 2018, the Court held a lengthy hearing on Plaintiff's discovery request and other issues related to Defendants' forthcoming motion to dismiss.  At the conclusion of the hearing, at Plaintiff's request, the Court granted Plaintiff leave to file an

amended Complaint by December 7, 2018, or to stand on the current Complaint, and set a new briefing schedule for the motion to dismiss.

8.      During the two weeks following the November 7, 2018 hearing, D&C communicated with Plaintiff about the November 7 hearing and the litigation strategy going forward, and D&C informed her it had determined to seek to withdraw as counsel.  Plaintiff decided she wants to continue prosecuting the action with new counsel which she is currently seeking.

9.      On November 21, 2018, pursuant to the terms of the Retainer Agreement, D&C sent Plaintiff a letter formally notifying her, in writing, that D&C seeks to terminate its involvement in the action.  Plaintiff agrees to D&C's termination and withdrawal as her counsel, and on November 28, 2018, Plaintiff signed Plaintiff's Consent to Withdrawl of Counsel.  (A true and correct copy of Plaintiff's Consent to Withdrawl of Counsel is annexed hereto as Exhibit A).

10.     In that Consent, Plaintiff has acknowledged that: (1) she has been notified in writing by D&C of the reasons for its request to withdraw as her counsel; (2) the reasons are permitted under the Retainer Agreement she signed with D&C on January 18, 2016; (3) D&C has advised her of the status of her case on the Court's docket; (4) she has advised D&C that she intends to continue prosecuting the action upon the withdrawal of D&C, and that she seeks new counsel to represent her in the continued prosecution of the action; (5) D&C has advised her that D&C will notify the Court and Defendants that D&C seeks to withdraw as Plaintiff's counsel pursuant Local Civil Rule  1.4; (6) D&C has advised her that D&C will request that the Court will afford her reasonable time to secure new counsel; and (7) D&C has advised her that D&C

will not be asserting a Charging Lien or Retaining Lien against her or the continued prosecution of the case.

11.    Plaintiff respectfully seeks an additional 60 days to secure new counsel.

I hereby certify that all of the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: White Plains, New York
         January 14, 2019

                                        Robert J. Berg

4

**EXHIBIT A**