UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

MARTINE VIOLET CARROLL, on behalf of
herself and all others similarly situated,

                       Plaintiff,

v.

THE REPUBLIC OF FRANCE, THE FRENCH
MINISTRY OF FOREIGN AFFAIRS, and
THE AGENCE POUR L'ENSEIGNEMENT
FRANCAIS A L'ETRANGER,

                       Defendants.

---------------------------------------------------------------X

Civil Action No. 7:16-cv-02683(NSR)

**DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW**

Defendants, The Republic of France, the French Ministry of Foreign Affairs, and Agence pour l'Enseignement Francais a l'Etranger (collectively, "Defendants"), by their attorneys, Hodgson Russ LLP, respectfully submit this memorandum of law in opposition to the motion of Denlea & Carton LLP ("D&C") to withdraw as counsel for Martine Violet Carroll ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff's counsel, having taken this case on a contingency fee basis, seeks leave to withdraw for reasons left unstated. As counsel is seeking to terminate its representation of Plaintiff after Defendants sought leave to dismiss the Complaint, it may be inferred that counsel is doing so because it does not believe that the complaint in this action will withstand a motion to dismiss. Having brought this action, counsel should not be permitted to impose further expense and uncertainty on the nation of France and its instrumentalities simply because counsel did not

appreciate the Court's views as expressed at the November 7, 2018 conference. The Court should deny D&C's January 14, 2019 motion to withdraw (the "Motion") or, alternatively, not permit D&C to withdraw until new counsel is retained and impose a thirty (30) day deadline for Plaintiff to retain new counsel. In all events, Defendants should be allowed to file their motion to dismiss within seven (7) days after the deadline for Plaintiff to secure new counsel or to proceed with D&C.

## BACKGROUND

Plaintiff is represented by the firm D&C. D&C filed Plaintiff's complaint against Defendants. Once served, Defendants undertook the laborious task of amassing witnesses and evidence, mostly from France and in French and thus requiring translation, to properly brief issues relating to the Foreign Sovereign Immunities Act in an anticipated motion to dismiss. In a September 27, 2018 letter, Defendants requested a pre-motion conference in anticipation of filing a motion to dismiss for lack of jurisdiction under the Foreign Sovereign Immunities Act, *forum non conviens*, and failure to state a cause of action on which relief could be granted.

D&C set forth Plaintiff's preliminary position in response to the proposed motion to dismiss by letter, requested a pre-motion conference and sought extensive discovery. January 14, 2019 Declaration of Robert J. Berg (the "Berg Decl.") ¶¶ 5-6. In a hearing on November 7, 2018, the Court declined to grant the requested discovery. Berg Decl. ¶ 7. The Court granted leave to file an amended complaint by December 7, 2018, and set a new briefing schedule for the motion to dismiss. *Id.*

D&C did not file an Amended Complaint, but rather sought a pre-motion conference for leave to withdraw as Plaintiff's counsel by letter on November 30, 2018. According to the January 14, 2019 declaration of D&C firm member Robert J. Berg filed in support of D&C's

motion, following the November 7 hearing D&C "informed [plaintiff] that it had determined to seek to withdraw as counsel" and sent plaintiff written notice that it would seek to terminate its involvement in this action. Berg Decl. ¶¶ 7 – 8. Plaintiff signed a form consenting to the withdrawal on November 28, 2018. Berg Decl. ¶¶ 9-10.

## ARGUMENT

### LEGAL STANDARD

D&C's motion to withdraw is governed by the local rules of the Southern District of New York. Local Civil Rule 1.4, Withdrawal or Displacement of Attorney of Record, states "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties." S.D.N.Y. Local Civ. R. 1.4

"It is generally said of the attorney-client relationship that when an attorney is retained to conduct a legal proceeding, he enters into an entire contract to conduct the proceeding to a conclusion and he may not abandon his relation without reasonable or justifiable cause." *Wilson v. Pasquale's Damarino's, Inc.*, 10-Civ-2709 (PGG), 2018 WL 4761574, at *8 (S.D.N.Y. September 30, 2018) (quoting *Malarkey v. Texaco, Inc.*, 81 Civ. 5224 (CSH), 1989 WL 88709, at *1 (S.D.N.Y. July 31, 1989)). Attorneys wishing to withdraw must set forth their reasons for withdrawal and analyze the impact withdrawal would have on the timing of the suit. "[I]t is well-settled that a court has considerable discretion in deciding a motion for withdrawal of

3

counsel. When considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. Although there is no definitive standard for what constitutes a satisfactory reason for allowing a withdrawal, district courts in the Second Circuit have found that satisfactory reasons include failure to pay legal fees, a client's lack of cooperation-including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client. In addition to considering the reasons for withdrawal, district courts also consider whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Bruce Lee Enter., LLC v. A.V.E.L.A., Inc.*, 1:10-c-233(MEA), 2014 WL 1087934, at *1-2 (S.D.N.Y. March 19, 2014) (internal citations and quotations omitted).

### I.

### D&C FAILS TO SET FORTH A SATISFACTORY REASON FOR WITHDRAWAL

In its moving papers, D&C declines to set forth the reason it seeks to withdraw. D&C states, "In order to protect the sanctity of the attorney-client relationship, D&C will not discuss any attorney/client communications the Firm has had with Plaintiff. Rather, it suffices to say that D&C has decided to terminate its attorney-client relationship with Plaintiff according to the terms of the Retainer Agreement, and Plaintiff agrees to the termination, and has signed a Consent to Withdrawal." January 14, 2019 Memorandum of Law at 5. The Southern District has declined to grant motions to withdraw where, as here, attorneys do not set forth an explanation for their choice to withdraw. *See, e.g., Bruce Lee Enter., LLC v. A.V.E.L.A., Inc.*, 1:10-c-233(MEA), 2014 WL 1087934 (S.D.N.Y. March 19, 2014).

Rather than proffer a satisfactory reason, as required by the law, the timing and circumstances of D&C's attempt to withdraw suggests an unsatisfactory motivation. D&C states

4

that it took the case on contingency fee basis, and that it informed Plaintiff that it wished to cease representation immediately after an unfavorable ruling on jurisdictional discovery that boded ill for Plaintiff's case. Berg Decl. ¶¶ 3, 7-9. This is not a case of a client firing an attorney; rather, it is a case of an attorney firing a client, presumably because the attorney assessed the client's case as unlikely to prove meritorious.

Though this case is in its earliest stages, Defendants have already been put to significant trouble and expense. Through their September 27, 2018 letter, Defendants have alerted Plaintiff and the Court that they intend to file a Motion to Dismiss. Preparation of that anticipated motion required Defendants – the French Republic and two of its agencies/instrumentalities - to seek out witnesses and documents demonstrating Defendants' immunity from suit under the Foreign Sovereign Immunities Act. Defendants wish to expeditiously file their motion to dismiss which Defendants believe will result in final disposition of this suit. D&C undertook to represent Plaintiff, filing a complaint that requires Defendants to render a response. D&C should not be allowed to run away from the complaint it authored because it has presumably concluded that the complaint lacks merit, thereby imposing further uncertainty and delay on Defendants.

## II.

### IN THE ALTERNATIVE, D&C SHOULD NOT BE ALLOWED TO WITHDRAW UNTIL NEW COUNSEL IS RETAINED

If the Court decides to allow D&C to withdraw, such withdrawal should be conditional. Defendants are concerned that, if D&C has assessed this case as lacking merit, other potential attorneys will follow suit and Defendants will be left unable to move toward a final resolution for some time. Indeed, D&C states that Plaintiff has been seeking new counsel since mid-November. Berg Decl. at ¶¶ 7-10. D&C's deadline to submit reply papers in support of its

motion to withdraw is January 31, 2019, meaning Plaintiff will have had, at minimum, more than two months to secure new counsel after D&C notified Plaintiff that it wished to terminate its representation. Nevertheless, Plaintiff seeks either 60 or 90 additional days to seek new counsel after resolution of this motion, and a 45-day extension of all case management deadlines after new counsel is obtained. Berg Decl. at ¶ 11; Berg Decl. Ex. A at ¶ 90. Defendants request that, if the Court allows D&C to withdraw, such withdrawal should be conditioned upon Plaintiff obtaining new counsel within thirty (30) additional days (the "Deadline"), and that D&C not be permitted to withdraw until new counsel is retained. In either event, Defendants request that they be permitted to file their motion to dismiss within seven (7) days of the Deadline regardless of whether Plaintiff has succeeded in obtaining new counsel.

## CONCLUSION

The Court should deny D&C's motion to withdraw for failure to state a satisfactory reason for withdrawal. In the alternative, Plaintiff should be required to conclude her search for new counsel within thirty (30) days, D&C should not be permitted to withdraw until new counsel is retained, and Defendants should be permitted to file their motion to dismiss within seven (7) days of Plaintiff's deadline to obtain new counsel or proceed with D&C.

Dated: New York, New York
January 22, 2019

Hodgson Russ LLP

By: _____
Joseph P. Goldberg
Kathryn A. Tiskus
605 3rd Ave, Suite 2300
New York, New York 10036
(212) 751-4300
jgoldberg@hodgsonruss.com
ktiskus@hodgsonruss.com
*Attorneys for Plaintiff*