UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/2019

MARTINE VIOLET CARROLL, on behalf of herself and all others similarly situated,

                                Plaintiff,

-against-

THE REPUBLIC OF FRANCE, THE FRENCH MINISTRY OF FOREIGN AFFAIRS, and THE AGENCE POUR L'ENSEIGNEMENT FRANCAIS A L'ETRANGER,

                                Defendants.

16-CV-02683 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

This lawsuit arises out of Plaintiff's April 2016 Complaint alleging breach of contract. (*See* ECF No. 1.) Though the action was commenced in April 2016, due to the foreign status of the named defendants service was difficult. Defendant did not appear in this action until May 2018. In September 2018, Defendants requested a pre-motion conference for the purpose of filing a motion to dismiss. Defendants indicated their intention to move to dismiss on the basis of lack of jurisdiction, *forum non conveniens*, and failure to state a cause of action. In late October 2018, Plaintiff requested limited discovery related to the "commercial activity" in anticipation of Defendants' sovereign immunity defense to federal court jurisdiction. In November 2018, the Court held a conference wherein Plaintiff's discovery request was discussed along with Defendants' yet to be served motion to dismiss. The Court granted Plaintiff time to file an amended complaint or stand on the current complaint, and set a briefing schedule for Defendants' motion to dismiss.

Now before the Court is Plaintiff counsel's motion seeking to be relieved from further representing Plaintiff. In their application, counsel suggest that there is a difference of opinion in litigation strategy. Additionally, counsel represent that pursuant to the terms of the attorney retainer

agreement, counsel provided notice to Plaintiff of its intention to withdraw and that Plaintiff has consented to the withdrawal. For the following reasons, Plaintiff counsel's motion is GRANTED.

Local Civil Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all parties.

Movant has clearly met all of the technical requirements of this rule insofar as it has contended, under oath that it has served copies of this application on Defendants, has made its application by portraying the facts by declaration, has detailed the posture of the case, and has indicated that it does not intend to seek a charging lien. The only remaining issue is whether withdrawal is warranted; it is.

Critical to any inquiry regarding attorney withdrawal are two factors: (1) "the reason for withdrawal"; and (2) "the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011). Courts in this District have routinely found a client's failure to communicate with counsel, as well as nonpayment of legal fees, both "satisfactory" reasons for withdrawal. *Id.* (collecting cases for proposition that non-payment of legal fees, particularly where "communications between client and counsel have broken down" sufficient); *Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), 2015 WL 1000145, at *2 (S.D.N.Y. Mar. 5, 2015) (finding non-payment of legal fees and lack of communication sufficient); *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-CV-604 (CSH) (DFE), 2008 WL 1777855, at *1 (S.D.N.Y. Apr. 16, 2008) (granting motion to withdraw where over $35,000 was owed in legal fees and client failed to respond to counsel's communications); *Promotica of Am., Inc. v. Johnson Grossfield, Inc.*, No. 98-CV-7414, 2000 WL 424184, at *1 (S.D.N.Y. Apr. 18, 2000); *see also Taub v. Arrayit Corp.*, No. 15-CV-1366 (ALC) (JLC), 2016 WL 4146675, at *1

(S.D.N.Y. Aug. 4, 2016) (deliberate failure to pay legal fees enough); *Callahan v. Consol. Edison Co. of New York, Inc.*, No. 00-CV-6542 (LAK) (KNF), 2002 WL 1424593, at *1 (S.D.N.Y. July 1, 2002) (same). Additionally, irreconcilable differences regarding litigation strategy has been deemed a satisfactory reason for withdrawal. See, *Tufano v. City of New York*, No. 94-CV-8655 (SAS), 1996 WL 419912, at *1 (S.D.N.Y. July 25, 1996) Thus movant has provided an adequate reason.

The Court must also consider the impact of allowing counsel to withdraw would have on the litigation. Given that the parties have yet to engage in discovery and the case is at its infancy stage, counsel's withdrawal from the action would not cause a disruption or delay. Moreover, no party has alleged or demonstrated any prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff counsel's motion to withdraw is GRANTED. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 24, 25 and 29, and terminate Denlea & Carton LLP, as counsel for Plaintiff. The case is stayed until March 29, 2019 to allow Plaintiff to obtain new counsel. New counsel is directed to file a Notice of Appearance on the record.

Outgoing counsel, Denlea & Carton LLP is directed to serve a copy of this Opinion and Order upon Plaintiff via certified mail forthwith and show proof of mailing on the docket.

Dated: February 7, 2019
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge